# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| KEVIN TYRONE SAUNDERS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV616-072 |
| UNITED STATES OF AMERICA, | ) ) ) | CR609-042 |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Over six years ago Kevin Saunders pled guilty to, and was sentenced for, unlicensed dealing in firearms, distribution of five grams or more of cocaine base in a school zone, and carrying a firearm during or in relation to drug trafficking under 18 U.S.C. § 924(c). Doc. 63.[1] Because he never appealed, Saunders' convictions became final on March 15, 2010. *Id.* (entered March 1, 2010); Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). He now moves, for the first time, under 28 U.S.C. § 2255 for resentencing. Doc. 74.

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Saunders argues that *Johnson v. United States*, \_\_\_ U.S. \_\_\_, 135 S. Ct. 2551 (2015), "has the direct action of invalidating and making illegal the portions [(of what Saunders never says)] relevant to the movants instant sentence." Doc. 74 at 4. He premises his motion's timeliness on *Johnson* retroactively applying to his case. *See id.* at 10; 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557. Importantly, it said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id.* at 2563 ("Today's

decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

Saunders' sentence includes no ACCA enhancement. Although he never explains how *Johnson* nevertheless applies to his case, only two possibilities exist. First, he could point to his increased Sentencing Guidelines base offense level under U.S.S.G. § 2K2.1(a)(3), which contains language similar to that *Johnson* invalidated. *See* Presentence Investigation Report (PSR) ¶ 30; *compare* U.S.S.G. § 4B1.2(a)(2), *with* 18 U.S.C. § 924(e). That argument fails because, at least in this Circuit, *Johnson* does not apply to the Guidelines. *United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).[2]

Second, Saunders could argue that *Johnson* eliminates his § 924(c) conviction because it, too, contains ACCA-residual-clause-esque

---

[2] In a more recent opinion, a different Eleventh Circuit panel cast serious doubt on *Griffin*'s validity (and to an extent *Matchett*). *See In re Sapp*, ___ F.3d ___, 2016 WL 3648334 at * 3 (July 7, 2016) (concurring opinion of all three panel judges). Nevertheless, as *Sapp* recognized, this Court is "bound by *Griffin*" and *Matchett* even if those opinions are "deeply flawed and wrongly decided." *Sapp*, 2016 WL 3648334 at * 3.

language. Even assuming *Johnson* applies to § 924(c),[3] it provides him no succor here. Under that provision, a person cannot use or carry a firearm during or in relation to "any crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Although one clause of its crime of violence definition is similar to the ACCA's residual clause, Saunders committed a drug trafficking offense. *See* doc. 63 at 1.

*Johnson* has no conceivable application in that context. That's because it says nothing about the viability of "serious drug offense"[4] predicates. *See* 135 S. Ct. at 2563. The term "drug trafficking crime" in § 924(c)(1)(A) covers similar ground as that ACCA phrase.[5] Just as *Johnson*'s logic failed to implicate drug offenses in the ACCA context, so too does it not apply to "drug trafficking crimes" for purposes of § 924(c).

---

[3] Some courts have found that it does. *See, e.g., United States v. Baires-Reyes*, 2016 WL 3163049 at * 5 (N.D. Cal. June 7, 2016) (finding that § 924(c)'s residual clause is unconstitutionally vague). In this circuit it remains an open question. *See In re St. Fleur*, ___ F.3d ___, 2016 WL 3190539 at * 3 (11th Cir. June 8, 2016).

[4] Under ACCA, "serious drug offense" means, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[5] "Drug trafficking crime" under § 924(c)(2) "means any felony punishable under the Controlled Substances Act."

It follows that Saunders cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (March 15, 2010). His time to file for § 2255 relief thus expired on March 15, 2011, so his motion is untimely by over five years (he did not file it until June 8, 2016, doc. 74 at 12).[6]

Accordingly, Saunders' § 2255 motion should be **DENIED**. His motion to appoint counsel (doc. 75) *is* **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Leave to proceed *in forma pauperis* on appeal therefore is moot.

---

[6] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail v. United States*, 2016 WL 1658594 at * 4 (S.D. Ga. Mar. 24, 2016) (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Saunders invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

5

**SO REPORTED AND RECOMMENDED** this  25th   day of July, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA